STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION v. CAROLINA COACH COMPANY.

(Filed 22 March, 1961.)

Carriers § 4:     Utilities Commission § 5—

The order of the Utilities Commission denying petition for authority to abandon bus service between designated points is properly affirmed when the findings of the Commission are supported by competent, material and substantial evidence and the Commission's order based thereon is reasonable and just.

APPEAL by Carolina Coach Company from judgment of *Paul, J.,* entered December 20, 1960, MARTIN Superior Court.

Petitioner, Carolina Coach Company, is a common carrier of passengers by motor vehicle under interstate and intrastate franchises. Its system covers approximately 3,800 highway miles. Its North Carolina intrastate franchise routes include the following: "Williamston to Columbia over U. S. Highway 64 via Plymouth, Roper, Scuppernong and Creswell."

On July 8, 1958, petitioner filed with the North Carolina Utilities Commission (Commission) a petition for authority to abandon its franchise and to discontinue its existing services over this segment (approximately 17 miles) of said franchise route: "Between Columbia and the junction of U. S. Highway 64 and N. C. Highway 32 approximately 4.1 miles west of Scuppernong via U. S. Highway 64." Petitioner would continue its service on U. S. Highway 64 between Williamston and said junction and on N. C. Highway 32 between said junction and Norfolk.

The specific result, if the petition were granted, would be the elimination of its bus (Run #151), which leaves Columbia at 8:30 a.m. and arrives in Williamston at 9:55 a.m., and of its bus (Run #150), which leaves Williamston at 7:25 p.m. and arrives in Columbia at 8:50 p.m. This would deprive Columbia, the county seat of Tyrrell County, and the towns of Creswell and Scuppernong in Washington County, of bus service. There would be no scheduled passenger service by bus in Tyrrell County. (Note: There is no passenger service by train in Tyrrell County.)

Petitioner asserted, in substance, (1) that public convenience and necessity do not require or justify the continuance of regularly scheduled operations over said route, and (2) that, in its present operations over said route, the revenue per mile is considerably less than the cost per mile.

Protest was made by Tyrrell County, the towns of Columbia and Creswell, and certain individuals.

At a hearing on October 3, 1958, at Williamston, N. C., before Commissioner Worthington, petitioner and protestants presented their evidence. By Order of October 28, 1958, the Commission denied said petition. Petitioner's exceptions thereto were overruled by the Commission's Order of January 23, 1959.

The Commission's Order includes (1) an extended narrative of factual data, and (2) the following findings of fact:

"1. Public convenience and necessity requires that the Petitioner continue its present bus service between Williamston, North Carolina, and Columbia, North Carolina.

"2. Public convenience and necessity requires that the Petitioner not abandon its franchise route between Columbia, North Carolina, and the intersection of U. S. Highway 64 with N. C. Highway 32 at Pea Ridge.

"3. Public convenience and necessity requires that the Petitioner provide a regular bus stop for both of its buses at Creswell, North Carolina, and deliver express shipments consigned to Creswell at Creswell instead of Columbia.

"4. The over-all operation of the Petitioner is such that it is not justified in discontinuing bus service between Williamston, North Carolina, and Columbia, North Carolina, and in abandoning its franchise between Columbia and the intersection of U. S. Highway 64 with N. C. Highway 32 at Pea Ridge."

The Commission's Order, based on said findings of fact, was as follows:

"IT IS THERFORE ORDERED that the petition of Carolina Coach Company to abandon its franchise route between Columbia and the intersection of U. S. Highway 64 and N. C. Highway 32 at Pea Ridge be, and the same is hereby denied.

"IT IS FURTHER ORDERED that the petition of Carolina Coach Company to discontinue its present scheduled bus service of Runs 150 and 151 between Williamston and Columbia be, and the same is hereby denied.

"IT IS FURTHER ORDERED that Carolina Coach Company make arangements for a station at Creswell where the bus will regularly stop and where passengers and express shipments may be picked up and discharged."

After the hearing in the superior court, judgment was entered over-

ruling petitioner's exceptions and confirming the Commission's Order. Petitioner excepted and appealed, assigning as error the entry of said judgment and particularly the overruling of its several exceptions to statements of fact and findings of fact set forth in the Commission's Order.

*H. L. Swain for protestants, appellees.*
*Allen, Hipp & Steed and Griffin & Martin for petitioner, appellant.*

BOBBITT, J.    After a careful analysis of the evidence in relation to petitioner's exceptions, Judge Paul held "that the facts found and approved by the Utilities Commission are supported by competent, material and substantial evidence, and that said Commission's conclusions and Order based thereon are reasonable and just."

Discussion of the evidence in relation to each of petitioner's eleven assignments of error, based on its thirty-two exceptions, would serve no useful purpose. Suffice to say, the evidence has been considered carefully; and consideration thereof, in the light of the legal principles recently stated in *Utilities Commission v. R. R.*, 254 N.C. 73, 118 S.E. 2d 21, impels the conclusion that Judge Paul's (quoted) ruling and judgment are correct. Hence, Judge Paul's judgment is affirmed.

Affirmed.